UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAWN O., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C23-5299-MLP <br><br> ORDER |

## I.   INTRODUCTION

Plaintiff seeks review of the denial of her application for Supplemental Security Income. Plaintiff contends the administrative law judge ("ALJ") erred in discounting certain subjective allegations and in assessing one medical opinion. (Dkt. # 9 at 1.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS for further administrative proceedings.

## II.   BACKGROUND

Plaintiff was born in 1979, has a GED, and has worked as a janitor. AR at 88-94. At the time of the administrative hearing Plaintiff was working at Walmart. *Id.* at 97, 391.

In August 2020, Plaintiff applied for benefits, and subsequently requested a closed period of disability running from October 8, 2019, to May 31, 2021. AR at 15, 82, 87-88. Plaintiff's

ORDER - 1

application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 172-85, 189-95. After the ALJ conducted a hearing in June 2022 (*id*. at 77-107), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 15-30.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

### III.  LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

ORDER - 2

IV. **DISCUSSION**

A. **The ALJ Erred in Discounting Plaintiff's PMDD-related Allegations**

It is undisputed that Plaintiff's condition improved after she was diagnosed with and received treatment for pre-menstrual dysphoric disorder ("PMDD") in May 2021. (Dkt. # 9 at 2-3.) Plaintiff contends that the ALJ erred in discounting her allegations of PMDD-related limitations during the period *before* May 2021 during which she claims to be disabled.

The ALJ discounted Plaintiff's allegation of disabling mental limitations during the adjudicated period because: (1) Plaintiff sought minimal, conservative treatment during that time and did not comply with all recommended medication and counseling, and her symptoms improved when she did comply; (2) many of the objective mental findings dating to the adjudicated period were normal; and (3) Plaintiff's activities (managing self-care, preparing meals, performing household chores, caring for children, driving, using a computer, shopping in stores, communicating via texting) are inconsistent with disabling limitations. AR at 21-26. Absent evidence of malingering, an ALJ is required to provide clear and convincing reasons to discount a claimant's allegations. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

The Court agrees with Plaintiff that the ALJ did not provide clear and convincing reasons to discount her PMDD-related limitations. Plaintiff's gap in treatment largely coincided with the COVID-19 pandemic, and Plaintiff's side effects from the medication prescribed for her that did not address her PMDD explain why she did not continue taking it. Moreover, Plaintiff's PMDD was not diagnosed until late in the adjudicated period, and she cannot be expected to have sought treatment for a condition that she did not know existed. Moreover, none of the daily activities listed by the ALJ are inconsistent with Plaintiff's alleged PMDD symptoms (angry outbursts on a monthly basis) and the ALJ fails to explain how they would be inconsistent. Because the ALJ's

ORDER - 3

reasons to discount Plaintiff's non-PMDD symptoms do not apply to her PMDD symptoms, the ALJ erred in failing to provide legally sufficient reasons to discount those symptoms and Plaintiff's PMDD allegations must be reconsidered on remand.[1]

### B. The ALJ Did Not Err in Finding a Medical Opinion Unpersuasive

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. § 416.920c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

Here, Jonathan Allison, Psy.D., examined Plaintiff in January 2021 and wrote a narrative report describing her mental symptoms and limitations. AR at 494-97. Dr. Allison examined Plaintiff at a time that she was not engaged in mental health treatment, and he believed that if she did obtain that intervention,

> she might return to healthy functioning to be able to maintain employment for a longer period. She has demonstrated that she is able to work. However, her mal-adaptive behavior outburst in a working environment would be a barrier to employment. She is able to process simple and complex instruction. She did not present any evidence of neurological decline or memory loss. Her challenges in concentration appear[] to be centered around her underlying depressive symptoms.

*Id*. at 497.

---

[1] Although Plaintiff requests, in the alternative, a remand for a finding of disability (dkt. # 9 at 13-14), the record contains conflicting evidence that precludes such a finding at this time. Plaintiff essentially concedes that the ALJ provided legally sufficient reasons to discount her allegations about some of her symptoms (*id*. at 3), and these unchallenged findings indicate that there is conflicting evidence in the record as to the extent of Plaintiff's limitations. Accordingly, the Court finds that a remand for further proceedings is appropriate. *See Leon v. Berryhill*, 880 F.3d 1041, 1047 (9th Cir. 2017) ("When there are outstanding issues that must be resolved before a determination can be made, or if further administrative proceedings would be useful, a remand is necessary."); *Dominguez v. Colvin*, 808 F.3d 403, 409 (9th Cir. 2015) ("The ALJ's well-supported credibility concerns raise additional factual issues that require resolution.").

ORDER - 4

The ALJ found Dr. Allison's opinion unpersuasive because: (1) he did not provide a function-by-function analysis of Plaintiff's workplace limitations; and (2) his conclusion that Plaintiff cannot work is inconsistent with the record, which shows improvement with treatment and links Plaintiff's symptom exacerbation to her non-compliance with treatment recommendations. AR at 26-27. Plaintiff challenges both of these findings, arguing that it is clear from Dr. Allison's report that he believed Plaintiff's anger caused disabling social limitations, and that there is no evidence in the record supporting the ALJ's findings that Plaintiff's disabling anger improved before she began taking birth-control pills or that her symptoms flared when non-compliant. (Dkt. # 9 at 11-13.)

The Court rejects both lines of argument. Although Plaintiff contends that the ALJ was "obtuse" in finding that Dr. Allison had not adequately explained why he believed Plaintiff could not work (dkt. # 9 at 11-12), she has not shown that Dr. Allison in fact identified any specific behavioral or concentration limitation, despite noting deficits in both areas and documenting Plaintiff's experiences in prior jobs. *See* AR at 497. It could be, for example, that Plaintiff's angry outbursts would lead her to be unable to tolerate criticism from supervisors, or to be unable to interact with the public, or to be unable to perform tandem tasks with co-workers, or to require low-stress work without production expectations, or all of the above, but Dr. Allison did not specify any particular functional limitation flowing from Plaintiff's outbursts that was relevant to the ALJ's assessment of Plaintiff's residual functional capacity. Dr. Allison also noted Plaintiff's concentration challenges, but did not explain if or how those resulted in functional limitations. *Id*. The ALJ reasonably found that Dr. Allison's failure to identify particular functional limitations undermined the persuasiveness of his opinion.

The ALJ also reasonably found that Dr. Allison's opinion suggesting disability was inconsistent with the record showing that Plaintiff's condition improved with treatment. AR at 26-27. Plaintiff acknowledges that her condition improved once she began treating her PMDD, but argues that this improvement does not undermine Dr. Allison's opinion that her anger outbursts were disabling during the adjudicated period. (Dkt. # 9 at 12.) But impairments that can be effectively controlled with medication are not, by definition, disabling for purposes of Social Security benefits. *See Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability."); *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits."). It is undisputed that Plaintiff's symptoms, including anger and irritability, improved with depression and PMDD treatment, to the point that Plaintiff returned to full-time work. The ALJ did not err in finding that this improvement undermines Dr. Allison's opinion to the extent he opined that Plaintiff's limitations were disabling.

Because Plaintiff has not shown that the ALJ erred in assessing the supportability and consistency of Dr. Allison's opinion, the Court affirms the ALJ's assessment of the opinion.

## V.   CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED**, and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reconsider Plaintiff's alleged PMDD-related limitations.

Dated this 6th day of September, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge